UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CARL HARVEY,<br><br>   Plaintiff,<br><br>   v.<br><br>SERGEANT PURTLE, et al.,<br><br>   Defendants. | No. 2:20-cv-01363-CKD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in this federal civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

/////

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.    Allegations in the Complaint**

At all times relevant to the allegations in the complaint, plaintiff was an inmate at the California Health Care Facility. On June 1, 2020, plaintiff attempted suicide and was then placed

1  in handcuffs. ECF No. 1 at 3. Defendant Purtle then punched him several times while defendant
2  Thomas watched. Id. Plaintiff suffered bruises on his left side and pain. Id. Two days later,
3  defendant Purtle told plaintiff that he needed to drop his complaint if he did not want to get
4  charged with assaulting CDCR staff. Id. at 4.

5  On the form complaint, plaintiff indicates that he has not appealed any of his claims for
6  relief to the highest level of administrative review at the institution where he is confined. ECF
7  No. 1 at 3-4.

8  By way of relief, plaintiff seeks monetary compensation, an investigation of defendant
9  Thomas, and personnel action against defendant Purtle. ECF No. 1 at 6.

### III.   Legal Standards

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which has been defined as "the unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is… whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7 (1992). The court's inquiry into an excessive force claim focuses on the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (1992) (quotation marks and citations omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency in violation of the Eighth Amendment. Whitley, 475 U.S. at 327.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

1 correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted).
2 Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351
3 F.3d 1283, 1288 (9th Cir. 2003).

4 Plaintiff is further advised that under 42 U.S.C. § 1997e(a) "[n]o action shall be brought
5 with respect to prison conditions under section 1983 of this title, or any other Federal law, by a
6 prisoner confined in any jail, prison, or other correctional facility until such administrative
7 remedies as are available are exhausted." In order to comply with § 1997e(a), state prisoners
8 must use CDCR's grievance process to exhaust their claims before filing suit. See Sapp v.
9 Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). The exhaustion requirement applies to all inmate
10 suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002), regardless of the relief
11 sought by the prisoner or offered by the administrative process, Booth v. Churner, 532 U.S. 731,
12 741 (2001). Generally, failure to exhaust is an affirmative defense that the defendant must plead
13 and prove. Jones, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to
14 exhaust is clear on the face of the complaint. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir.
15 2014).

**IV. Analysis**

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law. The allegations concerning the use of excessive force lack sufficient detail for the court to determine whether the force was applied to restore discipline and whether there were any efforts to mitigate the use of such force. See Hudson, 503 U.S. at 7 (1992). Plaintiff's attempt to allege a retaliation claim against defendant Purtle fall short because he does not allege that Purtle actually charged him with assault or took any other adverse action against him. It is also clear to the court from the face of the complaint that plaintiff has not exhausted his administrative remedies prior to filing this action as required by the Prison Litigation Reform Act. For all these reasons, plaintiff's complaint is dismissed. However, the court will grant plaintiff leave to file an amended complaint to try to cure these deficiencies.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v.

4

Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.      Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The complaint is being dismissed because it fails to state any cognizable claim for relief and because you did not exhaust your administrative remedies prior to filing suit. You are being given the chance to try to fix these problems by filing a first amended complaint. If you choose to do so, pay careful attention to the legal standards explained in this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: December 14, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/harv1363.docx