UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CARL HARVEY, | No. 2:20-cv-01363-JAM-CKD |
| Plaintiff, | |
| v. | ORDER |
| PURTLE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On June 30, 2021, plaintiff filed a notice of voluntary dismissal with prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.  ECF No. 26.  Defendants did not sign the voluntary dismissal because it was filed prior to service of their answer.  See Fed. R. Civ. P. 41(a)(1)(A)(i).  In accordance with the voluntary dismissal, the case was closed on July 1, 2021.  ECF No. 27.

On July 29, 2021, plaintiff filed a request to withdraw the voluntary dismissal indicating that he "was forced to drop" his lawsuit.  ECF No. 28.  Plaintiff does not provide any further details concerning what made him drop the lawsuit.  He only indicates that he will send a declaration with those details at a later date.  ECF No. 28.  However, plaintiff has not submitted any subsequent declaration or further filings in this closed case.

The court construes plaintiff's request as a motion to reinstate his § 1983 lawsuit.  In

1

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997), the Ninth Circuit held that "[t]he filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice." The notice of dismissal operates to divest the district court of jurisdiction. Commercial Space Management Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1076 (9th Cir. 1999). "[O]nce a notice of voluntary dismissal is filed, the district court in which the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal." Commercial Space Management, 193 F.3d at 1076. Therefore, the court denies plaintiff's motion based on lack of jurisdiction.

Even if the court were to liberally construe plaintiff's request as a motion to reconsider pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, plaintiff provides no factual basis upon which the court could set aside the judgment. "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; ... (3) fraud…, misrepresentation, or misconduct by the opposing party; ... or (6) any other reason that justifies relief." However, plaintiff's motion is entirely conclusory and does not suggest any mistake, fraud, or other reason that warrants relief from judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to withdraw his notice of voluntary dismissal (ECF No. 28) is construed as a motion to reinstate this § 1983 action.
2. So construed, the motion is denied based on lack of jurisdiction.

Dated:  September 2, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/harv1363.withdraw.vol.dismiss